IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| AGUSTIN GARCIA-MALDONADO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 317-040 |
| | ) | |
| VANCE LAUGHLIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, a state inmate currently incarcerated at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. (Doc. no. 1.) As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing any respondent to file a response to the instant petition. 28 U.S.C. § 2243. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the petition be **DISMISSED** for lack of jurisdiction.

**I.     BACKGROUND**

On June 15, 2009, the Henry County Superior Court sentenced Petitioner for trafficking in methamphetamine.[1] Petitioner was sentence to thirty years and has a maximum

---

[1] Henry County Court Docket Search, available at https://hcwebb.boca.co.henry.ga.us/ SuperiorCMWebSearch/ (follow "Party Name" hyperlink; then search Party Name for "Garcia-Maldonado Agustin," last visited Aug. 21, 2017).

possible release date of June 19, 2033.[2]  Petitioner challenges an immigration detainer, alleging he was taken into immigration custody on May 26, 2017.  (Id. at 2, 5.)  Petitioner alleges his Due Process rights under the Fourteenth Amendment are being violated by being held by a state agency.  (Id. at 6-7.)  He also claims his Sixth Amendment rights were violated when he was not given counsel "relating to [his] immigration hold."  (Id. at 7.)  Petitioner requests immediate release so he can be returned to his "native county of Mexico."  (Id. at 8.)  Petitioner filed this § 2241 petition on July 5, 2017.  (Doc. no. 1.)  On July 18, 2017, the Court ordered Petitioner to pay the filing fee or file a motion to proceed in forma pauperis ("IFP") within twenty-one days of the Order.  (Doc. no. 6.)  Petitioner has not responded to the Court's order.

## II. DISCUSSION

### A. The Petition Should Be Dismissed Because Petitioner Failed to Comply with the Court's Order to Pay the Filing Fee or Move to Proceed IFP.

As described above, the Court ordered Petitioner to pay the $5.00 filing fee or submit an IFP motion within twenty-one days of its order.  (See doc. no. 6.)  The Court stressed the importance of Petitioner's compliance, warning him that failure to comply would result in dismissal of this case without prejudice.  (Id. at 2.)  Nevertheless, Petitioner has not paid the filing fee or moved to proceed IFP.  A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also McLeod v. Sec'y, Fla. Dep't of Corr., 679 F. App'x 840, 842 (11th Cir. 2017) ("The district court has the

---

[2] Georgia Department of Corrections, available at http://www.dcor.state.ga.us/ (follow "Find an Offender" hyperlink; then search for "Garcia-Maldonado, Agustin," last visited (Aug. 21, 2017).

2

inherent authority to manage its own docket to achieve 'the orderly and expeditious disposition of cases.'") (citation omitted). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff/petitioner has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court"); Heard v. Nix, 170 F. App'x 618, 619 (11th Cir. 2006) (*per curiam*) (affirming dismissal with prejudice under Rule 41.3 and Federal Rule of Civil Procedure 41(b) for pattern of delay in failing to comply with district court's order). Because the Petitioner has not paid the filing fee or submitted a motion to proceed IFP, the petition is subject to dismissal for Petitioner's failure to comply with the Court's July 18, 2017, Order.

**B.    The Court Does Not Have Jurisdiction Under § 2241 Regarding a Department of Homeland Security ("DHS") Detainer Because Petitioner Is Not in DHS Custody.**

Even if petitioner had complied with the Court's order, the Court does not have jurisdiction under § 2241 based on a challenge to Petitioner's immigration detainer because Petitioner is not in DHS custody. Despite his claim that he is in "immigration custody," Petitioner remains in the custody of the Georgia Department of Corrections. (See doc. no. 1, p. 1.) Because a writ of habeas corpus grants relief from unlawful custody, jurisdiction does not lie where the authority against whom relief is sought does not have custody of the petitioner. See 28 U.S.C. § 2241(c); Orozco v. United States INS, 911 F.2d 539, 541 (11th

3

Cir. 1990) (*per curiam*) ("[A]bsent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ [of habeas corpus]."). Because Petitioner challenges the detainer lodged against him by DHS, the Court only has jurisdiction if Petitioner is in DHS's custody.

Petitioner is still serving his state sentence at WCF and thus is not being held pursuant to an immigration detainer. The mere lodging of a DHS detainer does not by itself cause a petitioner to come within DHS's custody for purposes of § 2241. Orozco, 911 F.2d at 541; Roberts v. INS, 372 F. App'x 921, 924 (11th Cir. 2010). Thus, Petitioner has not come within DHS's custody and remains in the custody of the warden at his current facility. Because the relief requested in the instant petition cannot be granted by Petitioner's custodian, the warden at WCF, jurisdiction under § 2241 is lacking. Id.; see also Louis v. Sec'y, Fla. Dep't of Corr., 524 F. App'x 583, 583-84 (11th Cir. 2013) (*per curiam*) (affirming dismissal of § 2241 petition for lack of jurisdiction where removal order was entered in 1984, immigration detainer was lodged in 2007, but petitioner was still serving state sentence). Therefore, the petition must be dismissed for lack of jurisdiction.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** the petition be **DISMISSED** for lack of jurisdiction.

SO REPORTED and RECOMMENDED this 21st day of August, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA